IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CV-24-FL

| | | |
|---|---|---|
| CHRISTINA JOSEPH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (DE 26). Defendant has responded in opposition only as to the amount. In this posture the issues raised are ripe for ruling. For the following reasons, plaintiff's motion is granted, subject to the limitations set forth herein.

## BACKGROUND

Plaintiff commenced this action January 13, 2022, seeking judicial review of the denial of her application for disability benefits. On April 4, 2022, defendant filed an answer seeking affirmance of the decision complained of by plaintiff. Plaintiff filed a motion for judgment on the pleadings on June 6, 2022. Defendant filed a motion to remand. Thereafter, on the basis of those motions, the court remanded the case to the Commissioner for further proceedings. (September 29, 2022, Order (DE 24)).

Plaintiff filed the instant motion December 19, 2022, seeking $5,825.14 in attorney's fees, based upon 24.65 hours. Plaintiff relies upon a memorandum in support, fee contract, time records,

and affirmation of counsel. Defendant responded in opposition, seeking a reduction in two time categories.

## COURT'S DISCUSSION

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Here, defendant concedes that plaintiff was the prevailing party, that defendant's position in the underlying litigation was not substantially justified, and that plaintiff's petition is timely. Defendant also does not contest the hourly rate sought by counsel. However, defendant argues the numbers of hours for which plaintiff seeks compensation is excessive and warrants reduction.

"The district court is accorded 'substantial discretion in fixing the amount of an EAJA award,'" and "is charged with the duty to ensure that the final award is reasonable." Hyatt v. Barnhart, 315 F.3d 239, 254 (4th Cir. 2002) (quoting Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)). "The extent of a plaintiff's success is an important factor to consider when determining the reasonableness of the fees requested." Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 440 (1983)). "Unsuccessful claims that are 'distinct in all respects' from the claims upon which the plaintiff has prevailed 'should be excluded in considering the amount of a reasonable fee.'" Id. (quoting Hensley, 461 U.S. at 440)). In addition, "[w]here a lawsuit consists of related claims, [and] . . . where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Hensley, 461 U.S. at 440. Moreover, "fairness and reasonableness dictate that the SSA may only be held liable for

2

attorneys' fees and expenses fairly attributable to the unjustified positions taken by the SSA." Hyatt, 315 F.3d at 254.

Other relevant factors include the novelty and complexity of the issues presented, and the experience and skill of the attorney. See Bunn v. Bowen, 637 F.Supp. 464, 469 (E.D.N.C.1986). In addition, the court must reduce compensable hours claimed if for paralegal tasks or clerical tasks normally performed by non-attorneys. See Hyatt, 315 F.3d at 255. "Counsel for a prevailing party has a duty to exercise billing judgment to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Daly v. Hill, 790 F.2d 1071, 1079 (4th Cir. 1986) (quoting Hensley, 461 U.S. at 434). The court now turns to application of these principles and guidelines to the fees claimed by plaintiff.

Here, a portion of the time spent, for analyzing medical evidence and drafting statement of facts, comprising four hours, is not compensable under the circumstances of this case. This time spent is excessive in part because the statement of facts in plaintiff's brief includes a recitation of the medical evidence, which is largely akin to a medical index, and more clerical than legal in nature. The court recognizes that having an accurate and detailed summary of these facts may be helpful for counsel to make a cogent and accurate argument to the court regarding errors by the ALJ. Nevertheless, this does not fully address the issue that this type of factual statement, to the length and degree of recitation as presented here, extends beyond "work traditionally done by an attorney." Hyatt, 315 F.3d at 255.

In addition, time attributable to drafting argument under Federal Vacancy Reform Act (FVRA) is excessive, particularly where the argument is routine and used in other cases in this and

3

other jurisdictions. Therefore, the court reduces compensable time by an additional five hours to account for this excess.

Considering the foregoing issues, the court finds that a reduction of 9 out of 24.65 hours is warranted to address the excess fee award in this case ($5,825.14 - $1,189.45 - $951.56 = total EAJA award in the amount of $3,684.13).

## CONCLUSION

Based on the foregoing, plaintiff's motion for attorney's fees under the EAJA (DE 26) is GRANTED, with the amount limited to the extent set forth herein. In particular, the court AWARDS plaintiff $3,684.13 in fees under the EAJA. Pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt plaintiff may owe to the United States. Defendant will determine whether plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to plaintiff and mailed to plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that plaintiff does not owe a federal debt, defendant will exercise its discretion and honor an assignment of EAJA fees, and pay the awarded fees directly to plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

SO ORDERED this 23rd day of January, 2024.

LOUISE W. FLANAGAN
United States District Judge